IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE TONGUETTE<br>5277 Sabine Hall<br>New Albany, OH  43054, | :<br><br>: | Case No. 2:12-cv-006 |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| SUN LIFE AND HEALTH<br>    INSURANCE COMPANY (U.S.)<br>One Sun Life Executive Park<br>Wellesley Hills, MA  02481, | :<br><br>:<br><br>: | Magistrate Judge_____ |
| And | : | |
| LOBUE ASSOCIATES, INC.<br>  HEALTH AND WELFARE PLAN<br>c/o LoBue Associates, Inc.<br>2245 N. Green Valley Parkway<br>Henderson, NV  89014, | :<br><br>:<br><br>: | |
| And | : | |
| LOBUE ASSOCIATES, INC.<br>2245 N. Green Valley Parkway<br>Henderson, NV  89014, | :<br><br>: | |
| Defendants. | :<br><br>: | |

**COMPLAINT**

For her Complaint against the Defendants, Sun Life and Health Insurance Company (U.S.), LoBue Associates, Inc. Health and Welfare Plan, and LoBue Associates, Inc., the Plaintiff, Diane Tonguette, states as follows:

1

**Parties**

1. The Plaintiff, Diane Tonguette, is the beneficiary, as that term is defined at 29 U.S.C. §1002 (8), of the LoBue Associates, Inc. Health and Welfare Plan.  Plaintiff Tonguette is a citizen of the State of Ohio.

2. Defendant Sun Life and Health Insurance Company (U.S.) ("Sun Life") is the insurer of the life insurance benefits provided by the LoBue Associates, Inc. Health and Welfare Plan.  By virtue of certain duties and obligations imposed upon it by the terms of the Plan, Sun Life is also a fiduciary of the Plan with respect to those duties and obligations.  Sun Life is a citizen of a State other than Ohio.

3. Defendant LoBue Associates, Inc. Health and Welfare Plan (the "Plan"), is an employee welfare benefit plan established and maintained by Defendant LoBue Associates, Inc., under the provisions of the Employee Retirement Income Security Act for the purpose, *inter alia*, of providing life insurance benefits to its employees and their dependents. The formal name of the Plan, if any, is unknown to Plaintiff.  The Plan is a citizen of a State other than Ohio.

4. Defendant LoBue Associates, Inc. is the administrator of the Plan and is for that reason a fiduciary of the Plan.  By virtue of certain duties and obligations imposed upon it under the terms of the Plan, LoBue is also a fiduciary of the Plan with respect to those duties and obligations.  LoBue is a citizen of a State other than Ohio.

**Jurisdiction and Venue**

5. The Plaintiff's claims arise under ERISA.  The Court has jurisdiction under 29 U.S.C. §1132.

6. In the alternative, the parties are diverse and the amount in controversy exceeds the jurisdictional amount.  Accordingly, the Court also has jurisdiction under 28 U.S.C. §1332.

7. The Plan is administered, in part, in Franklin County, Ohio. Venue is appropriate in the Eastern Division of the Southern District of Ohio.

**Facts Common To All Claims**

8. Del Tonguette, the late husband of Plaintiff Diane Tonguette, was employed by LoBue Associates, Inc. ("LoBue") during 2009 and was, during that time period, a participant in the Plan.

9. The Plan provided, *inter alia*, life insurance benefits for participants and their beneficiaries through a group insurance policy, Policy No. 036-3114-00 5 (the "Policy"), issued by Defendant Sun Life.

10. Del Tonguette timely enrolled in the Plan and named his wife, Plaintiff Diane Tonguette, as beneficiary of the proceeds of the Policy in the event of his death.

11. Del Tonguette's employment with LoBue terminated on October 16, 2009.

12. At the time Del Tonguette's employment terminated, the Policy provided Mr. Tonguette with the right to convert his life insurance coverage to an individual policy within a time specified under the terms of the Policy.

13. Mr. Tonguette's right to convert his coverage was subject to the condition that he receive notice from Defendant Sun Life or Defendant LoBue of his right to convert.

14. The Policy further provided that if either Sun Life or LoBue failed to give Mr. Tonguette notice of his right to convert, Tonguette's right to convert would be extended under the terms of the Policy to a date certain.

15. The Policy further provided that if Mr. Tonguette died during the conversion period, including the conversion period as extended due to the failure of LoBue or Sun Life to give him notice of his right to convert, then Mr. Tonguette's beneficiaries would be entitled to

the proceeds of the policy just as if Mr. Tonguette had been given notice of his right to convert and had timely exercised that right.

16. Neither Sun Life nor LoBue gave Mr. Tonguette notice of his right to convert his coverage.

17. Del Tonguette died on January 9, 2010, which was within the conversion period as extended due to the failure of LoBue or Sun Life to give him notice of his right to convert.

18. Plaintiff Diane Tonguette applied for benefits under the terms of the Policy.

19. Defendant Sun Life denied Tonguette's claim.

20. Plaintiff Diane Tonguette timely appealed the Sun Life determination.

21. Defendant Sun Life denied the appeal.

22. Plaintiff Diane Tonguette has exhausted the administrative remedies available to her under the terms of the Plan.

### Count I – For Benefits

23. The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

24. Plaintiff Diane Tonguette brings this claim against the Plan and against Sun Life under 29 U.S.C. §1132(a)(1)(B) and seeks an award of life insurance benefits.

25. Under the terms of the Plan, Del Tonguette was insured by the Plan at the time of his death and his beneficiary, Plaintiff Diane Tonguette, is entitled to the proceeds of the life insurance benefit available under the terms of the Plan.

26. The Plan's denial of Plaintiff Diane Tonguette's claim was incorrect, arbitrary and capricious because it failed to consider Plaintiff's evidence and it misapplied the clear and unambiguous terms of the Plan.

27. As a result of the denial of her claim, Plaintiff Diane Tonguette has suffered damage, *inter alia*, in the form of unpaid life insurance benefits.

## Count II – For Breach of Fiduciary Duty

28. The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

29. Plaintiff Diane Tonguette brings this claim against LoBue and against Sun Life under 29 U.S.C. §1132(a)(2) and (a)(3) and seeks equitable relief.

30. Under the terms of the Plan, and under the common law, LoBue and Sun Life owed Del and Diane Tonguette certain fiduciary duties, including the duty to inform Del Tonguette of his right to convert his life insurance coverage and to permit him to do so.

31. LoBue and Sun Life breached their obligations to Del and Diane Tonguette by failing to notify Del Tonguette of his right to convert his life insurance coverage, thereby effectively precluding him from doing so.

32. As a result of the breach of duty by LoBue and Sun Life, Plaintiff Diane Tonguette has been damaged in that Sun Life and the Plan have refused to award to her the life insurance benefits she has sought.

33. Plaintiff Diane Tonguette is entitled to equitable relief to remedy these breaches of duty including, but not limited to, the equitable remedies of estoppel and surcharge.

## Count III – Alternative Claims Under Ohio Law

34. The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

35. In the alternative, Plaintiff Diane Tonguette brings this claim against LoBue and against Sun Life under the statutory and common law of the State of Ohio.

36. By failing to pay her the proceeds of the life insurance policy issued to her late husband, Defendants LoBue and Sun Life violated their obligations to Plaintiff Tonguette under the contract of insurance and under the common and statutory law of Ohio.

37. As a direct and proximate result of these breaches of duty, Plaintiff Tonguette has been damaged.

WHEREFORE, the Plaintiff, Diane Tonguette, demands judgment in her favor and against the Defendants as follows:

A. A determination that she is entitled to life insurance benefits under the terms of the Plan;

B. An award of life insurance benefits;

C. In the alternative, such equitable relief as the Court deems appropriate under the circumstances, including but not limited to the equitable remedies of estoppel and surcharge;

D. In the alternative, contractual and compensatory damages under Ohio law;

E. Pre-judgment and post-judgment interest;

F. Attorney's fees and the costs of this action; and

G. Such other and further relief as the Court determines to be equitable and proper.

>Respectfully submitted,
>\_\_\_\_\_/s/ Tony C. Merry\_\_\_\_\_
>Tony C. Merry         (0042471)
>Trial Attorney
>Law Offices of Tony C. Merry, LLC
>7100 N. High Street, Suite 302
>Worthington, Ohio  43085
>(614) 372-7114
>(614) 372-7120 [fax]
>tmerry@tmerrylaw.com