IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DIANE TONGUETTE,**

    **Plaintiff,**

    v.

**SUN LIFE AND HEALTH INSURANCE
COMPANY (U.S.), et al.,**

    **Defendants.**

**Case No. 2:12-cv-00006
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion to dismiss filed by LoBue Associates Inc. Health & Welfare Plan and LoBue Associates, Inc. ("the LoBue Defendants") (ECF No. 24);

(2) a motion to dismiss filed by Sun Life and Health Insurance Company (U.S.) ("Sun Life") (ECF No. 26);

(3) a combined memorandum in opposition to both motions filed by Plaintiff, Diane Tonguette (ECF No. 29);

(4) a reply memorandum filed by the LoBue Defendants (ECF No. 34);

(5) a reply memorandum filed by Sun Life (ECF No. 35); and

(6) a motion for leave to file a surreply *instanter* filed by Tonguette (ECF No. 36).

For the reasons that follow, the Court **DENIES** the motion for leave to file a surreply *instanter* (ECF No. 36), **GRANTS IN PART** and **DENIES IN PART** the LoBue Defendants' motion to dismiss (ECF No. 24), and **GRANTS** Sun Life's motion to dismiss (ECF No. 26).

## I. Background

According to the First Amended Complaint, Del Tonguette began working for LoBue Associates, Inc. in August 2009. He was a participant in the company's life insurance benefits plan, which provided him with a life insurance policy. Del Tonguette named Plaintiff, Diane Tonguette ("Tonguette"), the policy beneficiary. In October 2009, Del Tonguette's employment with LoBue Associates, Inc. ended. Under the plan, Del Tonguette was able to convert his group life insurance coverage into an individual life insurance policy within a 31-day conversion period. The policy provides that if Sun Life or LoBue Associates, Inc. failed to provide a former employee such as Del Tonguette with notice of this right to convert, then the conversion period was extended for an additional 15 days after notice was given up to 60 days after the expiration of the initial conversion period. Additionally, the policy provided that if a participant were to die during the conversion period, a claim could be made for the death benefit even if the participant had not applied for a conversion policy. Allegedly, neither Sun Life nor the LoBue Defendants gave Del Tonguette notice of his right to convert his life insurance coverage. Del Tonguette then died during the extended conversion period, and Defendants denied Tonguette's subsequent claim for death benefits.

On January 4, 2012, Tonguette filed the instant action. Via an amended complaint, she asserts nine claims, which are described below, in an attempt to recover benefits and to obtain other relief under the Employee Retirement Income Security Act ("ERISA") and under Ohio. Nevada, and Rhode Island state law. (ECF No. 23.) Both Sun Life and the LoBue Defendants have filed motions to dismiss some of these claims. (ECF Nos. 24, 26.) As a result of that briefing, Tonguette has filed a motion for leave to file a surreply *instanter*. (ECF No. 36.) The

parties have completed briefing on the motions, which are ripe for disposition.

## II.  Motion for Leave to File a Surreply *Instanter*

Following the filing of the LoBue Defendants' reply memorandum (ECF No. 34), Tonguette filed a motion for leave to file a surreply *instanter* (ECF No. 36).  The LoBue Defendants failed to file a memorandum in opposition to this motion.  This Court's Local Civil Rules provide that "[f]ailure to file a memorandum in opposition may be cause for the Court to grant any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees."  S. D. Ohio Civ. R. 7.2(a)(2).  Additionally, Tonguette points out that the reply memorandum presented an argument that the LoBue Defendants had not previously raised.

Although both of the foregoing points would support the filing of a surreply memorandum, such a filing is appropriate only if this Court addresses the LoBue Defendants' belated reply memorandum argument.  As discussed below, however, the Court in its discretion declines to consider the improperly asserted new argument.  Accordingly, because the justification for the surreply memorandum becomes moot, this Court **DENIES** the motion for leave to file a surreply *instanter*.  (ECF No. 36.)

## III.  Motions to Dismiss

### A.  Standard Involved

The LoBue Defendants and Sun Life move for dismissal on the grounds that Tonguette has failed to set forth claims upon which this Court can grant relief.  This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Tonguette's amended complaint in her favor, accept the factual allegations contained in that pleading as true, and determine whether

the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

*1. Count II*

In Count II, Tonguette asserts a breach of fiduciary duty claim against the LoBue Defendants and Sun Life that addresses the alleged failure to administer properly the terms of the plan and the purported failure to provide plan documentation. All defendants seek the dismissal of this count. In her memorandum in opposition, Tonguette states that she concedes to the dismissal of the claim against Sun Life. This leaves the breach of fiduciary duty claim pending

against only the LoBue Defendants.

The LoBue Defendants argue that dismissal of the failure to administer properly component is warranted because a plaintiff such as Tonguette can assert such a claim only when no other remedy is available. Given the existence of Count I in which Tonguette asserts a claim for benefits, the LoBue Defendants posit, she cannot also pursue Count II. Tonguette does not dispute this contention and in fact declines to address the failure to administer properly component of Count II in her briefing. She has thus abandoned this component of Count II. *See Kline v Mortg. Elec. Sec. Sys.*, No. 3:08cv408, 2013 WL 753839, at *5 (S.D. Ohio Feb. 27, 2013) (holding that failure to defend a claim in response to a motion to dismiss amount to abandonment of that claim); *Taylor v. Montoya*, No. 1:11 CV 1901, 2012 WL 2120716, at *3 n.1 (N.D. Ohio June 8, 2012) (same).

Tonguette does defend the failure to provide documentation component of Count II. She explains in her memorandum in opposition that her claim for breach of fiduciary duty is premised in part on the LoBue Defendants' breach of their duty of disclosure, as set forth in 29 U.S.C. § 1024(b)(4). That statute provides that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, [*sic*] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Under 29 U.S.C. § 1132(a)(3), a plan participant, beneficiary, or fiduciary may bring a civil action to obtain appropriate equitable relief to redress the violation of such a duty or to enforce ERISA provisions or the terms of the plan. Tonguette states in her briefing that she is pursuing the equitable relief of receiving the plan documents (and she states that

5

success would entitle her to attorney fees).

Tonguette alleges that she requested but has never received plan documents, while the LoBue Defendants contend that she obviously received the documents because she relies upon provision of the life insurance policy she attached to her amended complaint. At this stage, the Court is required to credit the factual allegations of the First Amended Complaint as true. That pleading indicates that Tonguette requested various documents and that the LoBue Defendants never provided at least some of the documents. *See* ECF No. 23 ¶¶ 87, 92. The component of Count II targeting this set of circumstances is not a repackaged claim for benefits and is therefore not subsumed in the Count I request for benefits. Moreover, a plaintiff can pursue equitable relief related to ERISA's disclosure and fiduciary duty requirements. *See Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3f 598, 609 (6th Cir. 2007). The LoBue Defendants are therefore not entitled to dismissal of the disclosure component of Count II.

### 2. Count III

Tonguette again targets the LoBue Defendants' alleged failure to maintain and provide plan documents in Count III. She avers that she never received a summary plan description, which she states apparently does not exist, as well as other documents. Tonguette also asserts that the documents provided are deficient in meeting ERISA requirements. She seeks statutory damages and any other relief deemed appropriate under 29 U.S.C. § 1132(c)(1).

The LoBue Defendants respond that they have provided the requested documentation "to the extent it exists." (ECF No. 24-1, at PAGEID # 141.) Necessarily accepting the factual allegations of the pleading as true, the Court must credit that Tonguette has not received at least some if not all of the documents she purportedly requested. This raises the issue of whether any

failure to provide was because there was nothing to provide. The LoBue Defendants argue that the Court must dismiss the failure to maintain required documentation component of Count III. They contend that any failure to create or maintain documents falls outside the scope of Tonguette's claim because she is pursuing individual relief as opposed to seeking equitable relief on behalf of all plan participants to compel the LoBue Defendants to cure any deficiencies.

As Tonguette points out in her memorandum in opposition, the Sixth Circuit has allowed a plaintiff to recover statutory damages in an ERISA case when that plaintiff properly requested documents, such as a summary plan description, and never received the documents–even when there was a question whether a document had ever existed. *McCollum v. Life Ins. Co. of N. Am.*, 495 F. App'x 694, 701, 706-07 (6th Cir. 2012). Additionally, the court of appeals has held that previously providing plan documents does not excuse a subsequent failure to respond fully and accurately to a later inquiry. *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 550 (6th Cir. 1999).

In an attempt to obtain dismissal of Count III despite this precedent, the LoBue Defendants change tactics in their reply memorandum and argue for the first time in this litigation that Tonguette cannot pursue the statutory penalties because she is not a party with standing to bring Count III. This presents the asserted necessity for Tonguette's proffered surreply memorandum.

The LoBue Defendants' pivot does not afford them the strategic salvage for which they hope. This Court has explained time and again that "a reply brief is not the proper place to raise an issue for the first time." *United Tel. Co. of Ohio v. Ameritech Servs.*, Inc., No. 2:10–cv249, 2011 WL 53462, at *3 n. 2 (S.D. Ohio Jan.7, 2011). Consequently, the Court need not and will

not consider the standing argument. *See Versatile Helicopters v. City of Columbus*, 879 F. Supp. 2d 775, 779-80 (S.D. Ohio 2012) (abstaining from consideration of argument raised for the first time in a summary judgment reply memorandum); *Culy Constr. & Excavating, Inc. v. Laney Directional Drilling Co.*, No. 2:12-cv-4, 2012 WL 2071804, at *4 (S.D. Ohio June 8, 2012) (refraining from considering argument first raised in a reply memorandum); *Tolstih v. L.G. Elecs., U.S.A., Inc.*, No. 2:07–cv–582, 2009 WL 3241665, 6 (S.D. Ohio Oct.2, 2009) (refusing to consider an argument improperly raised for the first time in a reply memorandum); *Ferron v. Search Cactus, L.L.C.*, No. 2:06–cv–327, 2007 WL 1792332, at *4 (S.D. Ohio June 19, 2007) (rejecting an argument improperly raised for the first time in a reply memorandum).

Based on the attack initially set forth in the motion to dismiss and its memorandum in support, the Court concludes that Count III presents a plausible claim. This Court expresses no opinion here on whether Tonguette will be able to sustain a subsequent attack on Count III on different grounds.

### 3. *Counts IV, V, VI, VII, VIII, & IX*

In Count IV through IX, Tonguette asserts in the alternative various state law claims against Sun Life. Both Sun Life and the LoBue Defendants seek to dismiss these claims on the grounds that ERISA preempts such state law claims. The fact that the LoBue Defendants are seeking to obtain the dismissal of claims that Tonguette has not asserted against them is surprising. They explain that "[a]lthough [Counts IV through IX] do not assert claims against the LoBue Defendants in name, they are still claims potentially impacting the plan and are preempted by ERISA." (ECF No. 24-1, at PAGEID # 143.)

Setting aside for the moment whether the LoBue Defendants have standing to seek the

dismissal of claims not asserted against them, this Court recognizes that the LoBue Defendants' premise concedes that the plan falls under ERISA. Sun Life even more expressly concedes in its motion that "[t]he Plan at issue is an employee welfare benefit plan governed by ERISA." (ECF No. 26, at PAGEID # 184.) Sun Life reinforces that statement in its reply memorandum, stating that "there can be (and indeed is) no dispute that ERISA governs the group policy issued to LoBue Associates, Inc." (ECF No. 35, at PAGEID # 398.)

At least Sun Life's concessions–and likely the LoBue Defendants' statements–are important in light of Tonguette's explanation that she "brought her alternative claims under color of state law to preserve and protect her rights in the even the LoBue Plan fell outside the definition of an ERISA plan." (ECF No. 29, at PAGEID # 201.) Tonguette concedes that her state law claims "may be preempted and do not create causes of action separate and distinct from [her] claim for benefits under ERISA (Count I)." (ECF No. 29, at PAGEID # 201.) In other words, as Tonguette explains in regard to Count III, she "is operating under the logical assumption that the LoBue Plan is indeed an ERISA plan" but she "cannot know for sure, absent the opportunity to review the LoBue's Plan's ERISA disclosures." (ECF No. 29, at PAGEID # 204.) Sun Life and the LoBue Defendants have resolved that uncertainty in a manner that precludes any subsequent argument by them that ERISA would not apply to the plan.

Because Tonguette agrees that Counts IV through IX are subject to dismissal if ERISA applies to the plan and because Sun Life and the LoBue Defendants concede the applicability of ERISA, the net effect of the parties' concessions is the dismissal of these state law claims. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 557 (6th Cir. 2012) (recognizing that ERISA preempts state law claims that are an alternative means of recovering benefits or necessarily

require evaluation of and compliance with an ERISA plan).  In light of the fact that Sun Life therefore prevails on its motion to dismiss in regard to these claims, the Court need not resolve whether the LoBue Defendants would be able to obtain the dismissal of these claims via the now moot state law portion of their own motion to dismiss.

### IV.  Conclusion

The Court **DENIES** the motion for leave to file a surreply *instanter* (ECF No. 36), **GRANT IN PART** and **DENIES IN PART** the LoBue Defendants' motion to dismiss (ECF No. 24), and **GRANTS** Sun Life's motion to dismiss (ECF No. 26).  This Court therefore dismisses with prejudice Counts II, IV, V, VI, VII, VIII, and IX against Sun Life.  The Court also dismisses the failure to administer properly component of Count II against the LoBue Defendants.  The failure to provide documentation component of Count II and all of Count III remain pending against the LoBue Defendants.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE