IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DIANE TONGUETTE,**

    **Plaintiff,**

    v.

**SUN LIFE AND HEALTH INSURANCE COMPANY (U.S.), et al.,**

    **Defendants.**

Case No. 2:12-cv-00006
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the following sets of filings:

(1) a motion for summary (ECF No. 47) filed by LoBue Associates, Inc. Health & Welfare Plan and LoBue Associates, Inc. ("the LoBue Defendants"); a memorandum in opposition (ECF No. 50) filed by Plaintiff, Diane Tonguette ("Tonguette"); and a reply memorandum (ECF No. 51) filed by the LoBue Defendants; and

(2) a motion for summary judgment (ECF No. 48) filed by Tonguette; a memorandum in opposition (ECF No. 49) filed by the LoBue Defendants; and a reply memorandum (ECF No. 52) filed by Tonguette.

For the reasons that follow, the Court **GRANTS** the LoBue Defendants' motion for summary judgment (ECF No. 47) and **DENIES** Tonguette's motion for summary judgment (ECF No. 48).

### I. Background

Del Tonguette began working for LoBue Associates, Inc. in August 2009. He was a participant in the company's life insurance benefits plan, which provided him with a life insurance policy. Del Tonguette named Plaintiff, Diane Tonguette, the policy beneficiary. In

October 2009, Del Tonguette's employment with LoBue Associates, Inc. ended. Under the plan, Del Tonguette was able to convert his group life insurance coverage into an individual life insurance policy within a 31-day conversion period. The policy provides that if Sun Life and Health Insurance Company (U.S.) ("Sun Life") or LoBue Associates, Inc. fails to provide a former employee with notice of this right to convert, then the conversion period would be extended for an additional 15 days after notice was given up to 60 days after the expiration of the initial conversion period. Additionally, the policy provides that if a participant were to die during the conversion period, a claim could be made for the death benefit even if the participant had not applied for a conversion policy. Neither Sun Life nor the LoBue Defendants gave Del Tonguette notice of his right to convert his life insurance coverage. Del Tonguette then died during the extended conversion period. Sun Life denied Tonguette's subsequent claim for death benefits, which led to Tonguette filing the instant action.

Via an amended complaint, Tonguette originally asserted nine claims in an attempt to recover benefits and to obtain other relief under the Employee Retirement Income Security Act ("ERISA") and under Ohio, Nevada, and Rhode Island state law.[1] (ECF No. 23.) Both Sun Life and the LoBue Defendants filed motions to dismiss some of these claims. (ECF Nos. 24, 26.) In an April 29, 2013 Opinion and Order, this Court dismissed with prejudice Counts II, IV, V, VI, VII, VIII, and IX against Sun Life and dismissed the failure to administer properly component of Count II against the LoBue Defendants. (ECF No. 44.) This left as pending claims Count I

---

[1] The parties subsequently agreed that the plan is within the scope of ERISA. Tonguette reaffirms this agreement in her latest briefing, noting that "[i]t is true that Plaintiff has proceeded–and all parties seemingly agree–as if the Policy is part of a broader ERISA plan." (ECF No. 48, at Page ID # 555.)

2

against Sun Life and the LoBue Defendants, the failure to provide documentation component of Count II against the LoBue Defendants, and Count III against the LoBue Defendants. In an August 8, 2013 Opinion and Order, the Court then granted motions for judgment on the administrative record against Tonguette in regard to Count I. (ECF No. 46.) This left as the only pending claims Counts II and III against the LoBue Defendants. For various reasons, the state of the briefing on these counts constituted a morass, which compelled this Court to deny without prejudice the prior motions in regard to Counts II and III and to order the remaining parties to file new summary judgment motions on these claims. Tonguette and the LoBue Defendants have filed new motions for summary judgment on Counts II and III, and these motions are ripe for disposition. (ECF Nos. 47, 48.)

## II. Discussion

### A. Standard Involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

3

U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B.  Analysis

In Count II, Tonguette asserts a breach of fiduciary duty claim against the LoBue Defendants for failure to provide plan documentation under 29 U.S.C. § 1024(b)(4).  That statute provides that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, [*sic*] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  29 U.S.C. § 1024(b)(4).  Under 29 U.S.C. § 1132(a)(3), a plan participant, beneficiary, or fiduciary may bring a civil action to obtain appropriate equitable relief to redress the violation of such a duty or to enforce ERISA provisions or the terms of the plan.

In Count III, Tonguette again targets the LoBue Defendants' alleged failure to maintain and provide plan documents.  She avers that she never received a summary plan description, as well as other documents.  Tonguette also asserts that documents she did receive are deficient in meeting ERISA requirements.  She seeks statutory damages and any other relief deemed appropriate under 29 U.S.C. § 1132(c)(1).

Characterizing the documentation claims as attempted cash-grabs, the LoBue Defendants argue that Tonguette lacks standing to pursue these claims. They reason that because she is not a plan participant or beneficiary, she fails to qualify as a party who may bring an action under § 1132(a)(3) and cannot recover statutory penalties under § 1132(c)(1).[2] This Court agrees.

Disposition of the remainder of this litigation turns on *Morrison v. Marsh & McLennan Companies, Inc.*, 439 F.3d 295 (6th Cir. 2006). In that case, the Sixth Circuit addressed a claim for failure to provide plan documentation asserted by a plaintiff who was neither a participant nor a beneficiary under the relevant plan. The court of appeals affirmed the dismissal of such a claim based on a lack of standing, explaining:

> Count II of Plaintiff's complaint seeks penalties under § 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), premised on the assumption that Defendants were obligated to provide her with the plan documents she requested. Section 502(c)(1) of ERISA provides that any administrator who fails to comply with a request for any information required by participant or beneficiary may in the court's discretion be personally liable in the amount of $110.00 per day. 29 U.S.C. § 1132(c)(1). The statutory language limits standing to participants or beneficiaries. A participant is defined as any employee or former employee who is eligible to receive benefits under the policy. 29 U.S.C. § 1002(7). The Supreme Court further defined the term "participant" in [*Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948 (1989),] stating that it is a "former employee that has . . . a colorable claim to vested benefits." *Firestone*, 489 U.S. at 117, 109 S.Ct. 948 (defining "colorable claim to vested benefits" as a reasonable claim that 1) a person will prevail in a suit for benefits or that 2) eligibility requirements will be fulfilled in the future). Eligibility is determined at the time that the lawsuit is filed. Because Morrison was neither a participant nor a beneficiary under the M&M Plan at the time she

---

[2] The LoBue Defendants also note that Tonguette's request for documentation occurred (via counsel) on September 25, 2012, well after the plan had determined that she was not a participant or beneficiary and only after this litigation had commenced. (ECF No. 33-2.) This timing is important, the LoBue Defendants assert, because providing documentation would have been an admission that she was a participant, which was inconsistent with their defense in this case. Moreover, because not providing the documentation risks statutory penalties, the LoBue Defendants contend, they found themselves in a catch-22 situation. Given the analysis that proves dispositive today, the Court need not and expressly does not reach these points.

5

>commenced this action, she lacks standing to claim that the defendants failed to produce requested Plan documents. The district court therefore, appropriately held that she was not owed statutory penalties for the Defendants' failure to provide her with certain requested documents relating to the M&M Plan. Plaintiff has not qualified as a participant or beneficiary since February 10, 1999, and is therefore not owed any statutory penalties.

*Id.* at 303-04. This same rationale resolves the remainder of the instant case.

Here, Tonguette's status as a beneficiary ended with the unfortunate death of her husband (which, as previously discussed in this litigation, occurred within the conversion period but outside the relevant 31-day period). *Morrison* informs this conclusion. In that case, the court of appeals explained that "[w]hen [the plan] issued its letter on February 10, 1999, denying [the participant's] request for portable life insurance, [the plan] clearly and unequivocally repudiated [his] entitlement to the policy and therefore *he was not a participant* and *his wife is not a beneficiary*." *Id.* at 303 (emphasis added).

*Morrison*'s reasoning defines Tonguette's status not only at the time she filed this lawsuit, but also at the time she made her later document request and at the time she subsequently amended her pleading to include Count II and Count III. As the Sixth Circuit has explained, "a 'beneficiary' is not anyone who claims to be one. Rather, a 'beneficiary' . . . is one who has a reasonable or colorable claim to benefits." *Crawford v. Roane*, 53 F.3d 750, 754 (6th Cir. 1995). Thus, "in this Circuit, one is a 'beneficiary' with ERISA standing if he has a reasonable or colorable claim to benefits under an ERISA plan." *Id.* at 755. Simply being designated a beneficiary in relation to a plan does not bestow a party with an irrevocable beneficiary status. As in *Morrison* and as here, the plan language and circumstances can divest a designee of beneficiary status.

6

Because Tonguette's status as a beneficiary ended with the death of her husband, she was neither a participant nor a beneficiary under the plan at the time she filed this lawsuit, at the time that she requested plan documents, or at the time she added Count II and Count III to this case. Tonguette thus lacks standing to claim that the LoBue Defendants failed to produce the plan documents and cannot recover statutory penalties for any decision by the LoBue Defendants not to provide her with plan documentation.

Four comments are necessary. First, it is important to note that the Sixth Circuit's reasoning on the documentation claim in *Morrison* did not expressly turn on the fact that the plaintiff in that case had asserted her claim for benefits outside the applicable statute of limitations. The court of appeals discussed the statute of limitations issue only in connection with the specific claim for vested benefits. In connection with the documentation claim, however, the Sixth Circuit explicitly relied only on whether the plaintiff had a colorable claim–whether she was a plan participant or beneficiary–when she asserted her documentation claim, not on whether the vested benefits claim was meritorious. Although the statute of limitations issue would preclude the plaintiff from having a colorable claim, so too would the plaintiff's loss of status. This teaches that a plaintiff such as Tonguette simply must have a colorable claim to benefits at the requisite time in order to pursue related documentation claims. When a plaintiff lacks a colorable claim for whatever reason, he or she thus lacks standing.

Second, Tonguette's status as *not a beneficiary* at the requisite time distinguishes her from the plaintiff in *Moss v. Unum Life Insurance Company of America*, No. 5:09-CV-209, 2010 WL 3829203 (W.D. Ky. 2010). In that case, there was no question whether the widow was a beneficiary; she was, and the only question that existed was whether she was entitled to prevail

on her § 1132(a)(1)(B) claim for supplemental life insurance benefits in addition to the life insurance benefits that she had been paid prior to commencement of her lawsuit. *Id.* at *2. Thus, the conclusion that the widow in *Moss* had standing to pursue her claim for ERISA documentation penalties is of little help to Tonguette here. The *Moss* widow was still a beneficiary and had a colorable claim. Tonguette was not a beneficiary, her request for documents came after she had lost her status as a beneficiary, and she does not have a colorable claim.

Third, although perhaps wading into murky area of ERISA law, this Court concludes that Tonguette lacked a colorable claim. The parties spend little time exploring this issue and the reach of *Firestone Tire & Rubber Co.* in any meaningful way. *See Swinney v. Gen. Motors Corp.*, 46 F.3d 512, 518 (6th Cir. 1995) (discussing issues with treating *Firestone* as dispositive in the context of ERISA standing). The Sixth Circuit has explained, however, that standing exists where a party has a colorable, or reasonable, claim for benefits at the time he or she requested documents. *See Jordan v. Tyson Foods, Inc.*, 312 F. App'x 726, 732 (6th Cir. 2008); *see also Jordan v. Tyson Foods, Inc.*, 257 F. App'x 972, 977 (6th Cir. 2007) ("to have standing for purposes of an ERISA claim, [a plaintiff] must have a colorable claim for benefits."). Because future eligibility is not at issue here, what is important in this case is whether Tonguette satisfies this standard by having a reasonable claim that she would prevail in her suit for benefits. *Jordan*, 257 F. App'x at 977. The court of appeals has "consistently held 'that a person who terminates his right to belong to a plan' generally does not have a colorable claim to benefits" subject to an exception for conduct by a plan administrator or such an entity that led the person astray. *Id.* (quoting *Swinney*, 46 F.3d at 518).

8

Here, Tonguette's status as a plan beneficiary was terminated by her husband's failure to submit a conversion request to preserve his status as a plan participant. Although the plan effectuated extension of the conversion period, it did so only for living participants. In other words, by failing to convert and then passing away when he did, Tonguette's spouse terminated his status as a participant and her status as a beneficiary, and the death provision had already expired. Tonguette therefore lacks a colorable claim to benefits by operation of her spouse's inaction in light of the relevant plan language. To conclude otherwise would be to construe a colorable or reasonable claim so broadly that few claims would fall outside the definition.

Moreover, what extinguished Tonguette's status as a beneficiary was the untimely death of her spouse and the relevant plan language, not misconduct by the LoBue Defendants. This distinguishes the instant case from other cases, such as in the *Jordan* cases, where alleged conduct by a plan administrator served to effectuate a party's loss of status and entitlement to benefits. Tonguette was not seeking benefits to which she was entitled prior to her loss of status or alleging that her loss of status–a beneficiary entitled to benefits due to death within the conversion period–was a result of the other side's conduct.

What arguably makes this a close call is that the failure to provide notice discussed in the benefits decision in this case at first blush clouds the issue. (ECF No. 46.) Del Tonguette passed away outside the death within conversion window but within the extended conversion window. His actions (or more specifically, his non-action) divested Tonguette of her status as a beneficiary possibly entitled to a benefit under the 31-day period. *Cf. Adamson v. Armco, Inc.*, 44 F.3d 650, 655 (8th Cir. 1995) (holding that "[a] person who gives up [his or her] status through inaction also relinquishes standing to complain or prior plan mismanagement"). The

9

failure to provide notice only worked to create an extended conversion period for living plan participants; it simply did not work to undo Del Tonguette's actions that terminated his status as a plan participant and that, by extension, terminated his wife's status as a plan beneficiary.  To paraphrase *Swinney*, the failure to provide notice did not dupe Del Tonguette into the inaction that worked to effectuate his giving up his participant status and by extension Tonguette's beneficiary status; Del Tonguette was the "but for" here.  46 F.3d at 518-19.  The end result is perhaps odd in that status and standing turn on the timing of the death involved, but it is not a result that upends the general rule the court of appeals has explained informs the standing issue.  Del Tonguette terminated his wife's status as a beneficiary in the plan, and to conclude that she now has standing would be to ignore the consequences of his inaction.

 Fourth, the Court emphasizes the limited nature of today's decision.  The Court agrees with Tonguette that a plaintiff can of course recover on a claim for a failure to comply with ERISA documentation law distinct from the merits of a claim for ERISA benefits.  *See Jordan*, 312 F. App'x at 733.  This is why the Court ordered additional briefing on Count II and Count III even after disposition of the benefits issue.  Today's decision is simply that Tonguette lacks standing to pursue her documentation claims due to her status and timing issues, not due to the outcome of her benefits claim (even if some aspects of the analysis such as her lack of being a beneficiary overlap).  Had Tonguette's timing been different, she might have had standing to pursue successful documentation claims even if she had still failed on the merits of her benefits claim.

The foregoing analysis moots the parties' remaining merits arguments, including whether Tonguette necessarily received some documents, whether she properly requested documentation, and whether sufficient documentation even exists.

### III.  Conclusion

The Court **GRANTS** the LoBue Defendants' motion for summary judgment (ECF No. 47) and **DENIES** Tonguette's motion for summary judgment (ECF No. 48).  The Clerk shall enter final judgment and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

            /s/ Gregory L. Frost
            GREGORY L. FROST
            UNITED STATES DISTRICT JUDGE