UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DIANE TONGUETTE,

        Plaintiff,

                                           Case No. 2:12-cv-00006
      v.                                 JUDGE GREGORY L. FROST
                                           Magistrate Judge Elizabeth P. Deavers

SUN LIFE AND HEALTH INSURANCE
COMPANY (U.S.), et al.,

        Defendants.

OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion for attorney's fees,

costs, and prejudgment interest (ECF No. 60), Defendant's memorandum in opposition (ECF No.

62), and Plaintiff's reply memorandum (ECF No. 63).  For the reasons that follow, this Court

finds the motion not well taken.

I.  Background

Plaintiff, Diane Tonguette, is the beneficiary of a life insurance policy that belonged to

her deceased husband, Del Tonguette.  Under the policy, Del Tonguette was able to convert his

group life insurance coverage into an individual life insurance policy within a 31-day conversion

period following the termination of his employment.  The policy provided that if a former

employee was not provided with notice of this right to convert, then the conversion period would

be extended for an additional 15 days after notice was given up to 60 days after the expiration of

the initial conversion period.  The policy also provided that if a participant were to die during the

conversion period, a claim could be made for the death benefit even if the participant had not

1

applied for a conversion policy.  After Del Tonguette died during the extended conversion period without having converted the policy into an individual policy, Defendant Sun Life and Health Insurance Company (U.S.) ("Sun Life") denied Plaintiff's subsequent claim for death benefits.

Plaintiff then filed the instant action.  Via an amended complaint, she originally asserted nine claims in an attempt to recover benefits and to obtain other relief under the Employee Retirement Income Security Act ("ERISA") and under Ohio, Nevada, and Rhode Island state law.  (ECF No. 23.)  Sun Life and other defendants filed motions to dismiss some of these claims, which led to this Court dismissing with prejudice Counts II, IV, V, VI, VII, VIII, and IX against Sun Life and dismissing a part of Count II against the other defendants.  The claims remaining in the litigation were Count I against Sun Life and the other defendants and Counts II and III against the other defendants.  The parties filed two rounds of dispositive motions, and ultimately this Court held against Plaintiff.

Plaintiff appealed.  On appeal, a divided panel reversed this Court, holding that Plaintiff was entitled to recover policy benefits.  *Tonguette v. Sun Life & Health Ins. Co. (U.S.)*, 595 F. App'x 545 (6th Cir. 2014).  In light of the Sixth Circuit's decision and following issuance of the mandate (ECF No. 57), the Court entered judgment in favor of Plaintiff and against Sun Life on Count I.  (ECF Nos. 58, 59.)  Plaintiff subsequently filed a motion for attorney's fees, costs, and prejudgment interest.  (ECF No. 60.)  The parties have completed briefing on the motion, which is ripe for disposition.

## II.  Discussion

ERISA provides that "a court in its discretion may allow a reasonable attorney's fee and costs of action to either party" in an ERISA case.  29 U.S.C. § 1132(g)(1).  In exercising this

discretion, this Court remains cognizant of the Sixth Circuit's instruction that "[a]ttorney's fees should not be awarded as a matter of course in ERISA cases." *Gribble v. CIGNA Healthplan of Tenn., Inc.*, 36 F.3d 1097, 1994 WL 514529, at *4 (6th Cir. 1994) (unpublished table decision) (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1302-03 (6th Cir. 1991)).

Instead, a district court should employ a flexible inquiry that begins with asking whether the party seeking an award has attained "some success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255, 256 (2010). This inquiry does not demand that the movant be a prevailing party. *Id.* at 252, 253. It does, however, require more than trivial success on the merits or a purely procedural victory. *Id.* at 255.

Here, it is beyond dispute that Plaintiff has achieved success on the merits. Via appeal, Plaintiff has obtained the payment of her deceased husband's life-insurance benefit. This success is not dispositive of the fee motion, however, because "[t]here is no presumption in the Sixth Circuit that attorney fees 'should ordinarily be awarded to the prevailing plaintiff.' " *Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Constr. Co.*, Nos. 13-2484 & 14-1047, 2015 WL 873504, at * 10 (6th Cir. Mar. 3, 2015) (quoting *Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 376-77 (6th Cir. 2009)). Rather, this Court turns to consideration of five factors that can permissibly inform the exercise of judicial discretion to make or deny a fee award:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Moon v. Unum Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006) (citing *Secretary of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)).  *See also Hardt*, 560 U.S. at 255 n.8.  Although § 1132(g)(1) does not require consideration of these factors, they are helpful in the fee award context.  *Ciaramitaro v. Unun Life Ins. Co. of Am.*, 521 F. App'x 430, 437 (6th Cir. 2013).

In reviewing this Court's following thoughts on the factors, the parties should not mistake the organizational scheme employed as evincing an analytic checklist akin to a scale. The inquiry involved is not a matter of adding up "pro" and "con" factors and arriving at a result. Rather, because there is no singularly dispositive factor, the Court has considered the factors holistically in determining whether an award under § 1132(g)(1) is warranted.  *See Warner v. DSM Pharma Chems. N. Am., Inc.*, 452 F. App'x 677, 681 (6th Cir. 2011); *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996).

***Degree of Sun Life's culpability or bad faith.***  Plaintiff argues that this first factor favors a fee award because Sun Life's erroneous denial of life insurance benefits "was hardly an honest accident."  (ECF No. 60, at Page ID # 696.)  To support this assertion, Plaintiff relies upon the language of the majority's decision on appeal and its conclusion that Sun Life acted arbitrarily and capriciously.  Plaintiff overreaches.

The Sixth Circuit has explained that " '[a]n arbitrary and capricious denial of benefits does not necessarily indicate culpability or bad faith.' "  *Moon v. Unum Provident Corp.*, 461 F.3d 639, 643 (6th Cir. 2006).  Thus, the court of appeals has held, "the first factor asks district court to consider the 'degree' of culpability or bad faith, not merely whether the opposing party is culpable in any sense of the word."  *Geiger v. Pfizer, Inc.*, 549 F. App'x 335, 338 (6th Cir. 2013).  In other words, a court cannot conclude that the degree of culpability factor always

favors an award of attorney's fees following remand, because that would "essentially equate the first . . . factor with a litigant's degree of success on the merits." *Id.*  Such conflation would be improper because "[t]he law of this circuit makes clear that these are separate inquiries." *Id.*

There is no evidence that this is a bad faith case.  This is not a case involving improper conduct, such as where a losing defendant based its denial of benefits on ignoring substantial evidence. *Moon*, 461 F.3d at 644.  It is a case in which Sun Life relied upon an incorrect interpretation of a less-than-clear policy provision.  As such, the instant case falls closer to *Majestic Star Casino*, a case in which the denial of benefits resulted from the misreading of a plan provision.  581 F.3d at 377.  The Sixth Circuit held in that case that the "erroneous interpretation of certain terms in its plan documents does not constitute culpable conduct for purposes of determining whether to award attorney fees." *Id.* (citing *Foltice*, 98 F.3d at 937). That rationale applies here.

In asserting its lack of damning culpability or bad faith, Sun Life urges this Court to consider that two of the four judges who addressed the merits agreed with Sun Life.  This count is of no importance to this Court.  Only one of the two judges who agreed with Sun Life was an appellate judge; the other judge was the undersigned.  Logic and simple common sense, in addition to binding precedent, compel the Court to disregard completely its own overturned decision here. *See Moon*, 461 F.3d at 644 ("It is wholly inappropriate for the district court to rely on its overturned decision to support the denial of [a] petition for attorney's fees in the instant case.").  Such reasoning has previously led this Court to note in a prior ERISA fee motion filed after appellate reversal that "[i]t is the court of appeals' decision that matters, not this Court's vacated decision." *Javery v. Lucent Techs. Inc. Long-Term Disability Plan for Mgmt. or*

*LBA Emps.*, No. 2:09-cv-00008, 2014 WL 2779427, at \*6 (S.D. Ohio June 19, 2014).  This same ethos governs today.

But this is not to say that it is also irrelevant that the appellate panel was split.  There was one appellate judge who agreed with Sun Life.  Unlike in *Moon*, the dissent on appeal here did not question the propriety of the district court's decision.  *Id.*  Rather, the dissent here presented a measured assessment of two different interpretations.

A majority on appeal found that Sun Life's interpretation of the plan was arbitrary and capricious.  Sun Life's culpability stems more from its failure to provide requisite notice than its drafting and interpretation shortcomings, but the core issue at the heart of this case is the policy interpretation and application.  Sun Life's having lost on this core points does not prove dispositive of the first fee award factor because, as the Sixth Circuit has held, " '[s]imply making a losing legal argument is not enough to trigger the obligation to pay fees under 29 U.S.C. § 1132(g)(1).' "  *Patrie Constr. Co.*, 2015 WL 873504, at \*10 (quoting *Warner*, 452 F. App'x at 681).  Nor does Plaintiff's having won prove dispositive.  *See Gard v. Blankenburg*, 33 F. App'x 722, 732 (6th Cir. 2002) ("Simply speaking, the necessary degree of culpability is not established by the fact that a defendant has been found liable.").  What is important is the degree of culpability.

The Court recognizes that Defendant's conduct presents at least some inherent degree of culpability.  This Court also finds that a disagreement over policy language that resulted in a split in the appellate panel over the interpretation of that language necessitates placing that culpability into the proper context.  The degree of culpability here is limited so that, despite the existence of culpability, the degree involved weighs against a fee award.

***Sun Life's ability to satisfy an award of attorney's fees.***  In its memorandum in

opposition, Sun Life concedes that it has the financial ability to satisfy a fee award.  (ECF No.

62, at Page ID # 731.)  Sun Life also suggests that the Court should not give this second factor

undue weight, however, and this Court agrees.  The Sixth Circuit has recognized that "prior

cases have considered this factor 'more for exclusionary than for inclusionary purposes.' "

*Warner*, 452 F. App'x at 681-82 (quoting *Gribble*, 36 F.3d 1097, 1994 WL 514529, at *4).  *See*

*also Patrie Constr. Co.*, 2015 WL 873504, at *10.  This is because almost every ERISA

defendant can satisfy a fee award.  *Gribble*, 36 F.3d 1097, 1994 WL 514529, at *4.  To the

extent it matters at all under the circumstances present here, the second factor therefore weighs

slightly in favor of Plaintiff, but it is hardly of dispositive weight.  *See Foltice*, 98 F.3d at 937.

***Deterrent effect of an award on other persons under similar circumstances.***  The

possible deterrent effect of an award is the third factor for consideration.  The weight of this

factor "is greatest in cases involving culpable conduct."  *Smiljanich v. Gen. Motors Corp.*, 302 F.

App'x 443, 452 (6th Cir. 2008).  As noted above, there is minimal culpable conduct involved in

this case.

Summarizing its litigation position and again noting (unhelpfully) that two of the four

federal judges who reviewed the issue sided with the company, Sun Life argues that there is no

need to deter other ERISA fiduciaries from similarly defending against claims that, like the claim

here, the fiduciary thinks should be legitimately denied.

Sun Life's position reminds this Court of its previous expression of doubt over whether a

fee award really carries much of an actual deterrent effect:

Experience and reality teach this Court, however, that any actual deterrent effect in

> this context is minimal at best.  Decision makers are unlikely to know or care of today's award in making future disability determinations, especially when there has not been the type of egregious willful error or bad faith that would generate attention. To overvalue the deterrent effect of the award would be hubris.

*Javery*, 2014 WL 2779427, at *3.  This same observation, previously made in a disability context, equally applies in this life-insurance context.

Regardless, recognizing that "the theoretical deterrent effect of an award exists," *id.* at *3, this Court concludes that the deterrent factor weighs slightly in favor of Plaintiff, however qualified that weight may be, because there is always hope that an award will carry a deterrent effect. *See Elliot v. Metro. Life Ins. Co.*, No. 04-174-DLB, 2007 WL 1558519, at *3 (E.D. Ky. May 29, 2007) (noting that "even with the inherent deterrent effect that comes with any plaintiff's ruling, there is also something to be said for the heightened deterrent effect resulting from a fee award. Companies would likely take a much closer look at denial decisions, and the presentation of that decision, if forced to take into account the possibility that fees will be awarded upon remand").  Moreover, the Sixth Circuit has noted that "every suit by an insured that turns on textual construction will have [the] effect" of possibly alerting a company "to review all [its] policies even more closely for possible accusations of ambiguity." *Gribble*, 36 F.3d 1097, 1994 WL 514529, at *4.  As noted above, however, such weight is nonetheless qualified by the Sixth Circuit's recognition that "fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing." *Foltice*, 98 F.3d at 937.  *See also Geiger*, 549 F. App'x at 339.  The Court therefore concludes that this factor weighs slightly in favor of a fee award.

***Whether Plaintiff sought to confer a common benefit on all participants and***

***beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA.***  In her

briefing on the fourth factor, Plaintiff expressly "concedes that she filed this litigation to benefit

herself, and not to confer a common benefit on other ERISA participants."  (ECF No. 60, at Page

ID # 698.)  The Sixth Circuit has held that "[w]here a claimant seeks benefits only for himself,

we generally have found the common-benefit factor to weigh against an attorney-fee award."

*Majestic Star Casino*, 581 F.3d at 378.  *See also Patrie Constr. Co.*, 2015 WL 873504, at *11.

This general rule applies here, where, as in other fee cases, the record fails to establish that any

other plan participant was in the same position as Plaintiff or would obtain a redetermination of a

similarly adverse decision as a result of Plaintiff obtaining the policy benefit.  *Majestic Star

Casino*, 581 F.3d at 378; *see also Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 533 (6th Cir.

2008).

Plaintiff asserts that this fourth factor still favors a fee award because the case presents a

significant legal question under ERISA.  This Court disagrees.  The issue involved was no doubt

important to Plaintiff, of perhaps lesser overall importance to Sun Life, and of relatively limited

importance to ERISA jurisprudence.  Such recognition of the nature of this case in no way

diminishes the importance of the case; the appraisal only speaks to the overall, limited

significance of the legal question presented.  As Plaintiff recognizes in her briefing, the Sixth

Circuit did not recommend the appellate decision for publication.  Perhaps more notably, the

Sixth Circuit has held that "it is irrelevant" whether a case "resolved significant legal questions

regarding ERISA" when "there is no evidence in the record that [a plaintiff] instituted this

litigation to resolve any significant legal issues."  *Moon*, 461 F.3d at 645.  Plaintiff has failed to

direct this Court to any such record evidence here.  Consequently, this factor weighs against an

award.[1]  *See McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537, 546 (6th Cir. 2011)

(holding that where the interest pursued was a private one, the fourth factor weighed against a

fee award); *Gaeth*, 538 F.3d at 533-34 ("The merits of this case did not turn on the resolution of

any difficult ERISA question, so that factor . . . would clearly have weighed against awarding

attorney fees.").

      ***Relative merits of the parties' positions.***  A majority of the court of appeals opined that

Plaintiff's "interpretation is demonstrably better than Sun Life's." *Tonguette*, 595 F. App'x at

548.  The appellate majority recognized that part of the policy language became "grammatically

incoherent in cases where, as here, the conversion period extends beyond 31 days" and the

language was read in isolation. *Id.* at 547.  The majority resolved the issue created by the

ambiguity by reading the incoherent provision in light of a larger context.  This approach led the

majority to conclude that, "when read in the broader context of the plan, there are two significant

reasons to favor [Plaintiff's] reading of the disputed language, and none to favor Sun Life's." *Id.*

at 548.

      This is not the same thing as saying that Sun Life's position did not have merit.  Rather, it

says that Sun Life interpreted the policy provision in a too-limited context.  But where, as here,

there is a lack of deliberate misconduct or improper motives by a defendant, it means that the

relative positions of the parties are no different than any other case where one party advanced a

---

[1]  "Weighs against an award" most accurately means that it does not support making the
award.  Although *McKay* phrased this lack of support as weighing against an award, another
Sixth Circuit panel has stated that when a case did not involve a class or a novel legal question it
did not weigh against the party seeking a fee award because "it simply does not weigh in favor of
either party." *Smiljanich*, 302 F. App'x at 452.  Semantics do not much matter because the
overarching point is that it is not simply a balancing of the factors test; rather, today's analysis
considers all of the factors and the circumstances of the case together.

losing argument.  *Warner*, 452 F. App'x at 681.  In other words, both of the arguments involved here had some merit.  One appellate judge sided with Sun Life.  Two others found Plaintiff's argument ultimately more persuasive.  When the prevailing argument is compared to the losing argument, there is not such a difference in the relative merits of the arguments to cause this last factor to weigh heavily in favor of a fee award.  *See O'Callaghan v. SPX Corp.*, 442 F. App'x 180, 186 (6th Cir. 2011).  Instead, the Court finds that the fifth factor favors a fee award, but not with dispositive weight.

Despite Plaintiff's achievement of success on the merits, consideration of the five factors discussed leads this Court to conclude that a fee award under § 1132(g)(1) is not appropriate.  Having reached this conclusion, the Court need not and does not discuss the existing issues with the amount of fees Plaintiff seeks and the billing records provided to support those fees, as well as the moot dispute over the calculation of prejudgment interest.

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for attorney's fees,

costs, and prejudgment interest.  (ECF No. 60.)

**IT IS SO ORDERED.**

       /s/   Gregory L. Frost          
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE